IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HORACE GRIFFIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 03-061-DRH |
| | ) |
| **JONATHAN R. WALLS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider (Doc. 20). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question (Doc. 17) was entered in this action on April 8, 2005, although it appears that a copy of the order was not mailed to Plaintiff until April 12; the instant motion was filed on April 27. Giving Plaintiff the benefit of the mailbox rule, the Court finds that this motion

was filed within the 10-day period.  FED.R.CIV.P. 59(e).  *See Houston v. Lack*, 487 U.S. 266 (1988); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).  Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied*, 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In his motion, Plaintiff claims the Court erred in dismissing Defendants Walls, Green, Moran, Dallas, Freeman and Doe; this dismissal was based on the Court's finding that the complaint included no allegations against any of these individuals. Upon review of the record, the Court remains persuaded that its ruling dismissing these Defendants from the case pursuant to 28 U.S.C. § 1915 was correct.  Plaintiff cannot correct his omission by making allegations against those individuals in the instant motion.  Instead, his recourse is through an appropriately filed motion for leave to file an amended complaint.  *See* FED.R.CIV.P. 15; Local Rule 15.1.

Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 24, 2005**

/s/      David RHerndon
**DISTRICT JUDGE**