IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HORACE GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 03-cv-61-DRH |
| BETSY SPILLER, et al., | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel (Doc. 19) filed by the plaintiff, Horace Griffin, on April 8, 2005. The motion is **DENIED**.

There is no constitutional or statutory right to counsel by a civil litigant. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). Discretion, however, is granted to the Court by 28 U.S.C. § 1915(e)(1). Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the District Court "unless denial would result in fundamental unfairness impinging on due process rights." Id at 431. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those

factors are  (1)whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of  the legal issues raised by the complaint. See  Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

Griffin states in his motion that he attempted to contact one law firm to represent him. The Court does not find that Griffin's claim that he contacted one law firm to be a reasonable attempt to secure private counsel.   As Griffin has not met the threshold burden in Zarnes, there is no reason to address the five factors listed above.   Additionally, the Court notes that Griffin has not addressed the five factors listed above.   For these reasons, the Motion for Appointment of Counsel (Doc. 19)  must be **DENIED**.

**DATED:  May 26, 2005.**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**