IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HORACE J. GRIFFIN,

    Plaintiff,

v.

BETSY SPILLER, CAPTAIN LYERIA, GUY
D. PIERCE, and VICKIE GRIFFIN,

    Defendants.

Case No. 3:03-cv-61-DRH

**ORDER**

This matter is before the Court on:

    1. The Motion to Amend filed by the Plaintiff, Horace J. Griffin, on June 2, 2005 (Doc. 27),

    2. The "Motion of Officials Misconduct" filed by Griffin on June 2, 2005 (Doc. 28),

    3. The Motion to Strike Amended Complaint filed by the Defendants, Betsy Spiller and Vickie Griffin, on July 11, 2005 (Doc. 31),

    4. The Motions to Stay Filing of Responsive Pleading filed by Spiller and Griffin on July 11, 2005 (Doc. 32),

    5. The Motion for Service of Process filed by Griffin on July 21, 2005 (Doc. 35),

    6. The Motion to Compel filed by Griffin on August 17, 2005 (Doc. 37),

    7. The Motion to Strike Amended Complaint filed by the Defendant, Guy D. Pierce, on August 23, 2005 (Doc. 38),

    8. The Motions to Stay Filing of Responsive Pleading filed by Pierce on August 23, 2005 (Doc. 39),

    9. The Motion for Extension of Time to File Answer to Amended Complaint filed by the Defendant, Captain Lyeria, on September 20, 2005 (Doc. 40),

> 10. The Motion to Strike Amended Complaint filed by Lyeria on September 30, 2005 (Doc. 42), and
>
> 11. The Motions to Stay Filing of Responsive Pleading filed by Lyeria on September 30, 2005 (Doc. 43).

Each motion will be dealt with below, individually.

## BACKGROUND

The Plaintiff, Horace J. Griffin, filed a complaint on February 3, 2003 and an amended complaint on March 22, 2004. The Plaintiff was granted leave to proceed *in forma pauperis*, and his complaint underwent a 28 U.S.C. §1915A screening on April 8, 2005. The Plaintiff's amended complaint generally alleges that he was denied protective custody and was subsequently attacked by fellow inmates at the Menard and Lawrence Correctional Centers.

The amended complaint is slightly longer than the original complaint and appears to include additional attachments. It appears, from District Judge David R. Herndon's April 8, 2005 order, that the Clerk was directed to forward copies of the *complaint* to the U.S. Marshal for service, as oppose to the amended complaint. The U.S. Marshal was then directed to serve the Defendants who remained after screening. Each of the Defendants returned waivers of service of process (Docs. 25, 26, 34, 36).

## DISCUSSION

**Motion to Amend (Doc. 27)**
**Motion of Officials Misconduct (Doc. 28)**
**Motion for Service of Process (Doc. 35)**
**Motion to Compel (Doc. 37**

In the Motion to Amend (Doc. 27) the Plaintiff states that he is following the Court's suggestion, in a May 24, 2005 order, that he file a motion to amend in order to add various defendants (who previously had been dismissed in the April 8, 2005 order). The Motion,

however, does not state in what way the Plaintiff wishes to amend his complaint. As Judge Herndon already has advised the Plaintiff, he must include, in any future motion to amend his complaint, *a copy of the amended complaint*. The Plaintiff is again directed, if he wishes to amend his complaint, to include a copy of the amended complaint with the motion and also to underline the additions that he wishes to make as provided by Local Rule 15.1. Therefore, this motion is **DENIED WITHOUT PREJUDICE**.

In the "Motion for Officials Misconduct," the Plaintiff states that his legal mail is being opened at the Western Correctional Center (where he currently is housed) without him being present. He specifically alleges that he received an envelope from the U.S. Marshal date stamped May 27, 2005 that contained no letter. It is wholly unclear what the contents of the envelope may have been; however, the Plaintiff states that the envelope contained USM-285 forms. This motion is **DENIED AS MOOT**. All Defendants who remain after the initial screening have appeared. Therefore, it is unnecessary for the Plaintiff so submit any further USM-285 forms.

In the remaining two motions, for service of process and to compel, the Plaintiff seeks a Court order compelling service of process on the four remaining defendants in this case. As indicated above, each of the Defendants have signed waivers of service. Therefore, these motions are **DENIED AS MOOT**.

**Motions to Strike the Amended Complaint (Docs. 31, 38, 42)**
**Motions to Stay Filing of Responsive Pleading (Docs. 32, 39, 43)**
**Motion for Extension of Time to File Answer (Doc. 40)**

Each of these motions is identical: The Defendants seek to strike the amended complaint (Doc. 14) because they never received a copy of it. As noted above, the order directing service

on the Defendants only referenced the complaint and not the amended complaint. As such, the Clerk prepared a copy of the complaint only and the U.S. Marshal mailed a copy of the complaint with the waiver to the Defendants. Also, as indicated above, each Defendant waived formal service of process.

Federal Rule of Civil Procedure 4 governs service of process. Rule 4(c)(1) provides that the Plaintiff is responsible for serving the summons and complaint. Of course, if the Plaintiff amended his complaint prior to service, then that amended complaint ought to have been served along with the summons. In this case, as the Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. §1915(d) provides that officers of the Court are to "issue and serve all process." Rule 4(d) further provides for waiver of formal service. As long as a proper notice is properly mailed along with a copy of the complaint, the Defendant has an obligation to avoid costs by waiving formal service. As indicated above, each of the Defendants has waived formal service.

The problem here is that the Defendants seek an order striking the amended complaint because, through an oversight by the Court, they were not give a copy of the amended complaint along with the waiver forms and notice. This solution to this problem is draconian and can only function to delay this lawsuit and prejudice the Plaintiff, even though he was not at fault. A second solution, requiring the Clerk to again prepare sufficient copies of the amended complaint and waivers, requiring the Plaintiff to submit additional USM-285 forms, and requiring the U.S. Marshal to again mail to the Defendants these documents, also is not a viable solution. The Court assumes that the Defendants, again in order to save costs, would waive service of process. Such an exercise would serve no function: the Defendants already are notified of this lawsuit, thus fulfilling the very purpose of Rule 4. The waste of judicial resources in such a circular

4

endeavor is apparent.

A third solution, while not perfect, will balance all of the interests in this case. The Defendants all have access to the Amended Complaint through the CM/ECF system. No Defendant has filed an answer to the complaint or the amended complaint. Indeed, the Defendant's seek an additional 20 days to file a responsive pleading to the amended complaint. Each of the Defendants, therefore, shall have until November 4, 2005 to file a responsive pleading to the amended complaint. Therefore, the motions to strike are **DENIED**, the motions to stay filing of a responsive pleading are **GRANTED**, and the motion for extension of time to file is **GRANTED**.

Finally, the Court notes that the Plaintiff is not serving his motions and documents on the Defendants. The Court reminds the Plaintiff that he **SHALL** serve, by mail, on the Defendants' attorney, Carrie K. Lacey (Illinois Attorney General's Office – Springfield, 500 South Second Street, Springfield, IL 62706) **EACH AND EVERY DOCUMENT** that he submits to the Court. The failure to serve the Defendants and to attach a certificate of service on each document filed with the Court will result in the striking of the document from the record.

## CONCLUSION

For the Foregoing reasons,

    1. The Motion to Amend filed by the Plaintiff, Horace J. Griffin, on June 2, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 27),

    2. The "Motion of Officials Misconduct" filed by Griffin on June 2, 2005 is **DENIED AS MOOT** (Doc. 28),

    3. The Motion to Strike Amended Complaint filed by the Defendants, Betsy Spiller and Vickie Griffin, on July 11, 2005 is **DENIED** (Doc. 31),

4.  The Motions to Stay Filing of Responsive Pleading filed by Spiller and Griffin on July 11, 2005 is **GRANTED** (Doc. 32),

5.  The Motion for Service of Process filed by Griffin on July 21, 2005 is **DENIED AS MOOT** (Doc. 35),

6.  The Motion to Compel filed by Griffin on August 17, 2005 is **DENIED AS MOOT** (Doc. 37),

7.  The Motion to Strike Amended Complaint filed by the Defendant, Guy D. Pierce, on August 23, 2005 is **DENIED** (Doc. 38),

8.  The Motions to Stay Filing of Responsive Pleading filed by Pierce on August 23, 2005 is **GRANTED** (Doc. 39),

9.  The Motion for Extension of Time to File Answer to Amended Complaint filed by the Defendant, Captain Lyeria, on September 20, 2005 is **GRANTED**  (Doc. 40),

10. The Motion to Strike Amended Complaint filed by Lyeria on September 30, 2005 is **DENIED** (Doc. 42), and

11.  The Motions to Stay Filing of Responsive Pleading filed by Lyeria on September 30, 2005 is **GRANTED** (Doc. 43).

**DATED: October 17, 2005**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**